IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **ELIZABETH MOORE**<br>Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | CASE NO. _____ |
| **CITY OF MISSION, TEXAS AND HIDALGO COUNTY, TEXAS**<br>Defendant. | §<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** ELIZABETH MOORE, hereinafter called Plaintiff, complaining of and about HIDALGO COUNTY, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff, ELIZABETH MOORE, is an Individual residing in the Southern District of Texas, McAllen Division.

2. Defendant CITY OF MISSION, TEXAS, is a municipal corporation in Hidalgo County, and may be served with process by serving its Mayor, Norberto Salinas, at 1201 E. 8th Street, Mission, Tx 78572. Service of said Defendant as described above can be effected by personal delivery. The Mission Police Department is a department within the City of Mission and Jonathan Treviño was, at all times pertinent to the following allegations, an employee of the Mission Police Department and the City of Mission.

3. Defendant HIDALGO COUNTY, a governmental unit of the State of Texas, may be served with process by serving its County Judge, at 302 East University, Edinburg, TX 78539. Service of said Defendant as described above can be effected by personal delivery. The Hidalgo County Sheriff's Office is a political division of Hidalgo County, and at all times pertinent to the following allegations, the sheriff's deputies of the Panama Unit were employees of the Hidalgo County Sheriff's Office and Hidalgo County.

**JURISDICTION**

4. Jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1343(3) and (4), which provide for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C.A. § 1983, and by 28 U.S.C.A. § 1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

**FACTS**

5. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and under the common laws if the State of Texas. As a result of the incident, Plaintiff suffered loss of earnings, loss of enjoyment of life, physical injury, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages.

6. On February 13, 2012, Plaintiff was attending a family dinner at her mother's house. As she and her 3-year old daughter were preparing to leave, the door

was kicked in and a group of men entered the home with gunds drawn, pointing them at everyone and shouting at everybody telling them to get on the ground.

7. Plaintiff was handcuffed in the presence of her 3-year old daughter and searched which revealed no illegal substances or contraband. She was never told she was under arrest and was never warned of her Miranda rights. She was taken to Mission Police Department where she was booked and finally told that she was being charged with possession of a controlled substance ("POCS").

8. Plaintiff was 5 months pregnant at the time of the wrongful arrest and suffered the night sleeping on a cold, hard floor with no protection from the harsh environment. The officers interrogated Plaintiff's husband threatening him to tell the officers where they could bust a big drug dealer and if he didn't, they would arrest him and make sure Plaintiff was charged as well. Plaintiff was also threatened with being reported to Child Protective Services and her 3-year old daughter would be taken from her.

9. Plaintiff spent the night of February 13, 2012, in the Mission PD and all day of the 14th. She was finally transferred to the Hidalgo County Jail on the 15th where she posted bond in the amount of $3,000 after paying a lawyer $1,000.00 for his services to obtain her release.

10. Within a few days of Plaintiff's release from the Hidalgo County Jail, Child Protective Services initiated procedures to remove Plaintiff's daughter from her home and placed the child in the custody of Plaintiff's parents. Plaintiff could not even be alone with her daughter.

11. For the next year, Plaintiff was required to attend drug classes, parenting classes when she had never had a record of drug use (and Plaintiff never tested positive for drugs before, during or after her ordeal). All this time Plaintiff was separated from her daughter while her case sat in the Hidalgo County Courts waiting for dismissal.

12. As it further transpired, the law officers responsible for these illegal activities turned out to be the infamous Panama Unit composed of several sheriff's deputies from the Hidalgo County Sheriff's Office and led by Jonathan Treviño, an officer of the Mission Police Department.

13. Paragraphs 5 through 12 are hereby realleged and incorporated by reference herein.

14. The Mission Police Department nor the Hidalgo County Sheriff's Office had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain her.

15. In detaining Plaintiff without a fair and reliable determination of probable cause, the Mission Police Department and the Hidalgo County Sheriff's Office abused their power and authority under the color of state and/or local law.

16. The Mission Police Department and the Hidalgo County Sheriff's Office intended to confine Plaintiff.

17. Plaintiff was conscious of the confinement and did not consent to the confinement.

18. The confinement was not otherwise privileged.

19. The Mission Police Department and the Hidalgo County Sheriff's Office had no legal cause nor excuse to detain Plaintiff.

20. The Mission Police Department and the Hidalgo County Sheriff's Office subjected Plaintiff to an excessive detention in violation of Plaintiff's civil rights and in violation of her rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

21. The Mission Police Department and the Hidalgo County Sheriff's Office should have expeditiously investigated this matter and released Plaintiff immediately.

22. The Mission Police Department and the Hidalgo County Sheriff's Office acts and omissions, performed under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of her liberty when they subjected Plaintiff to an unlawful, illegal, and excessive detention, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

23. In so acting, the Mission Police Department and the Hidalgo County Sheriff's Office abused their power and authority under the color of state and/or local law.

24. Upon information and belief, the Mission Police Department and the Hidalgo County Sheriff's Office had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was arrested despite the fact that she had not violated any law or committed any crime.

25. Upon information and belief, it was the policy and/or custom of Defendants Mission Police Department and Hidalgo County Sheriff's Office to inadequately hire, train, supervise, discipline, and/or terminate its officers, staff agents, and employees,

thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

26. As a result of the above described policies and customs, the officers, staff, agents, and employees of Defendants Mission Police Department and Hidalgo County Sheriff's Office believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

27. The above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendants Mission Police Department and Hidalgo County Sheriff's Office to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

24. By reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

25. Paragraphs 5 through 12 are hereby realleged and incorporated by reference herein.

26. The seizure, detention, and imprisonment of Plaintiff was unlawful in that the Mission Police Department and the Hidalgo County Sheriff's Office had no probable cause to detain, arrest, and/or imprison Plaintiff.

27. The Mission Police Department and the Hidalgo County Sheriff's Office intended to confine Plaintiff.

28. Plaintiff was conscious of the confinement and did not consent to the confinement.

29. The confinement was not otherwise privileged.

30. By reason of acts and/or omissions of the Mission Police Department and the Hidalgo County Sheriff's Office, acting in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of her liberty when they subjected Plaintiff to an unlawful, illegal, and excessive detention, in violation of state law.

31. By reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**DAMAGES FOR PLAINTIFF, ELIZABETH MOORE**

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, ELIZABETH MOORE, was caused to suffer and will continue to suffer the following injuries and damages:

    A. Violation of her constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of the person of Plaintiff, as well as being subjected to a cruel and unusual (for her) punishment for a crime that she had not committed and for which she could not be legally charged;

    B. Loss of the physical liberty of Graciela Aleman;

C. Physical pain and suffering as well as psychological damage, emotional trauma and suffering,;

D. The cost of bonding herself out of jail and the hiring of legal counsel to defend her for a crime that she had not committed and for which she could not be legally charged

physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty, and other nonpecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, ELIZABETH MOORE, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; awarding Plaintiff reasonable attorney's fees pursuant to 42 U.S.C.A. § 1988; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By _____
JAMES P GRISSOM
Federal ID No.: 11414
Texas Bar No. 08511900
Email:  jpglawyer01@gmail.com

        1111 Nolana Avenue, Suite "I"
        McAllen, TX 78504-3747
        Tel. (956) 994-1127
        Fax. (888) 400-6407
        Attorney for Plaintiff
        ELIZABETH MOORE

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**