UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ELIZABETH MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-304 |
| | § | |
| CITY OF MISSION, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Pending before the Court are two motions: the self-styled "Defendant City of Mission, Texas' Motion to Dismiss"[1] filed by Defendant City of Mission, Texas ("Mission"), and the self-styled "Defendant Hidalgo County, Texas's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim,"[2] filed by Defendant Hidalgo County, Texas ("Hidalgo") (collectively, "Defendants"). Defendants filed each of their respective motions on August 11, 2015, and Plaintiff Elizabeth Moore ("Plaintiff") failed to respond. Therefore, the Court considers both motions unopposed.[3] After considering the motions and relevant authorities, the Court **GRANTS** the Defendants' motions to dismiss.

**I. Background**

On July 7, 2015, Plaintiff filed suit in this Court asserting various claims against Defendants. The alleged facts recited herein are taken from Plaintiff's complaint. The Court recites only those facts it finds pertinent to the instant motion.

Plaintiff alleges that on February 13, 2012, she was unlawfully detained at her mother's house by members of the "infamous Panama Unit," which was comprised of deputies of the

---

[1] Dkt. No. 7 ("Mission's Motion").
[2] Dkt. No. 8 ("Hidalgo's Motion").
[3] LR 7.4.

Hidalgo County Sherriff's Office and officer Jonathan Trevino of the Mission Police Department.[4] According to Plaintiff, despite having "neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain her,"[5] these individuals handcuffed Plaintiff in the presence of her three year old child, transported her to the Mission Police Department to book her, and charged her with possession of a controlled substance.[6] Plaintiff was never advised that she was under arrest nor was she given Miranda warnings.[7] During this time, Plaintiff was five months pregnant and "suffered the night sleeping on a cold, hard floor with no protection from the harsh environment."[8] Plaintiff notes that she was "conscious of [her] . . . confinement and did not consent to the confinement,"[9] and that upon her release, her child was removed by Child Protective Services and placed in the custody of her parents.[10] Plaintiff asserts causes of action against Defendants for violation of her Fourth, Fifth, Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and under the common laws of the Sate of Texas.

## II. Cautionary Note

As an initial matter, the Court notes that Mission has failed to comply with the Federal Rules of Civil Procedure in its filings. Rule 7(b)(2) provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."[11] Rule 10(b) in turn states that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances."[12] Mission's motion to dismiss lacks

---

[4] Dkt. No. 1 ("Complaint") at ¶¶ 6-12.
[5] Complaint at ¶ 14.
[6] Complaint at ¶ 7.
[7] *Id*.
[8] Complaint at ¶ 8.
[9] Complaint at ¶ 17.
[10] Complaint at ¶ 10.
[11] FED. R. CIV. P. 7(b)(2).
[12] FED. R. CIV. P. 10(b) (emphasis added).

numbered paragraphs entirely, which hinders the Court's reference to its arguments. Mission is cautioned that future submissions should consistently number each paragraph to properly comply with the Federal Rules.

### III. Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss Plaintiff's complaint if it fails to state a claim upon which relief can be granted.[13] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[15] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[16] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[17]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[18] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[19] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[20] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[21] As the Supreme Court recently clarified, the plausibility

---

[13] FED. R. CIV. P. 12(b)(6).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[15] *Twombly*, 550 U.S. at 555.
[16] *Id*.
[17] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[18] 556 U.S. 662 (2009).
[19] *See id.* at 678-679.
[20] *See id.* at 679-680.
[21] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[22] Though not generally permissible in Rule 12(b)(6) motions, certain affirmative defenses such as the statute of limitations may be appropriately used by a defendant in a Rule 12(b)(6) motion.[23]

## IV. Discussion

*Statute of Limitations*

Defendants have each filed Rule 12(b)(6) motions to dismiss on the grounds that Plaintiff's causes of action are barred by the applicable statute of limitations.[24] "There is no federal statute of limitations for civil rights actions brought pursuant to § 1983. Consequently, courts construing § 1983 'borrow' the forum state's general personal injury limitations period."[25] In Texas, actions for "personal injury, forcible entry and detainer, and forcible detainer [must be brought] not later than two years after the day the cause of action accrues."[26] When the cause of action accrues is decided by Federal law which dictates that "the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[27] As noted earlier, Plaintiff asserts in her compliant that at the time of her detention she was conscious of the confinement and did not consent to the confinement. Plaintiff's detention occurred between the dates of February 13-15,

---

[22] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346-47 (2014).
[23] *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 776 n. 3 (5th Cir.1997) (citing *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994).
[24] Hidalgo's Motion at ¶ 3.3; Mission's Motion at p. 4.
[25] *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (citing *Owens v. Okure*, 488 U.S. 235, 249–50, (1989).
[26] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).
[27] *Russell v. Bd. of Trustees of Firemen, Policemen & Fire Alarm Operators' Pension Fund of Dall., Tex.*, 968 F.2d 489, 493 (5th Cir.1992) (citations omitted).

2012.[28] Plaintiff did not file her complaint until July 7, 2015, over three years from the date the cause of action accrued. Additionally, although Plaintiff asserts causes of action under the common laws of Texas, Plaintiff does not articulate any basis for such claims in her complaint. Thus, after evaluating the original complaint, the Court believes that Plaintiff did not timely assert her causes of action. Accordingly, the Court finds that Plaintiff fails to state any cognizable claim and **DISMISSES** the claims against Defendants.

It is unfortunate for Plaintiff that her lawyer did not take the time to respond to the instant motions. The Court cannot say whether her claims would still have been dismissed, but the fact that the Court has been given nothing to consider in response to Defendants' motions is an egregious error on the part of Plaintiff's attorney. The Court believes Plaintiff has suffered a great disservice at the hands of her attorney.

### V. Holding

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED** and all of Plaintiff's claims are hereby **DISMISSED with prejudice.**

IT IS SO ORDERED.

DONE this 16th day of July, 2015, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[28] Complaint at ¶ 9.